# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case Nos. 1:03CR00116-02 |
| | ) | 1:04CR00035 |
| v. | ) | **OPINION** |
| | ) | |
| JAMES MILLARD REYNOLDS, | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*James Millard Reynolds, Pro Se Petitioner.*

The defendant, a federal inmate sentenced by this court, has filed a pro se motion asking for a reduction of his sentence by virtue of § 403 of the First Step Act of 2018 and 28 U.S.C. § 2255. I will direct the clerk to file his motion as a § 2255 motion. After review of the record, however, I conclude that his motion must be denied.

The defendant was convicted by a jury and sentenced jointly in cases numbered 1:03CR00116-02 and 1:04CR00035 for possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(e); two counts of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); distribution of less than fifty grams of a mixture containing methamphetamine in violation of 21 U.S.C. § 841(b)(1)(C); and failure to appear

in violation of 18 U.S.C. § 3146(a)(1). His appeal was unsuccessful. *United States v. Reynolds*, 185 F. App'x 315 (4th Cir. 2006) (unpublished).

As noted, the defendant was convicted of two counts of procession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). At the time, a second or successive violation of the statute resulted in a statutory mandatory consecutive minimum sentence of twenty-five years of imprisonment. 18 U.S.C. § 924(c)(1)(C)(i) (2000). The defendant was so sentenced, although there had been no intervening conviction for the first violation of the statute. Prior to § 403 of the First Step Act, this "stacking" of § 924(c) violations in a single indictment was construed under the existing statute as permissible. Deel v. *United States*, 508 U.S. 129, 137 (1993).

Section 403 of the First Step Act of 2018 changed the rule of the *Deel* case by amending the statute. It provides that

> (a) IN GENERAL.—Section 924(c)(1)(C) of title 18, United States Code, is amended, in the matter preceding clause (i), by striking "second or subsequent conviction under this subsection" and inserting "violation of this subsection that occurs after a prior conviction under this subsection has become final".
>
> (b) APPLICABILITY TO PENDING CASES.—This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.

First Step Act of 2018, Pub. L. No. 115-5194, § 403, 132 Stat. 5194, 5221-22 (2018), amending 18 U.S.C. § 924(c)(1)(C).

Reynolds styles his submission as a motion under 28 U.S.C. § 2255 and asserts that his claim is timely filed pursuant to § 2255(f)(2). This subsection gives an inmate one year from "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action." 28 U.S.C. § 2255(f)(2). Reynolds contends that at the time of his sentencing, the government's misinterpretation of statutory language prevented him from challenging the validity of the twenty-five-year sentence imposed for his second conviction under § 924(c), but the First Step Act removed that "impediment" as contemplated in § 2255(f)(2). Because the sentence in question was imposed on Reynolds long before the First Step Act was enacted, however, the amendment by its terms does not apply to him. Accordingly, his § 2255 motion must be denied.

A separate Final Order will be entered.

DATED: May 13, 2019

/s/ JAMES P. JONES
United States District Judge